**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 19, 2016

Tashea Britt Helms
6006 Reed Street
Cheverly, MD  20785

Benjamin Prevas, Esq.
Social Security Administration
Altmeyer Building
6401 Security Boulevard, Room 617
Baltimore, Maryland 21235

> RE:   *Tashea Britt Helms v. Commissioner, Social Security Administration*;
>       Civil No. SAG-14-3687

Dear Ms. Helms and Counsel:

On November 24, 2014, Plaintiff Tashea Britt Helms, who proceeds *pro se* since the withdrawal of her attorney, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits.  (ECF No. 1).  I have considered the Commissioner's Motion for Summary Judgment.  (ECF No. 23).  Ms. Helms has not filed a response.[1]  I find that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2014).  This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards.  *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  Under that standard, I will grant the Commissioner's motion and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g).  This letter explains my rationale.

Ms. Helms filed a claim for Disability Insurance Benefits on May 21, 2009, alleging disability beginning February 16, 2009.  (Tr. 179-82).  Because her date last insured was March 31, 2009, she needed to establish disability within that six week period to be entitled to benefits.  (Tr. 24).  Her claim was denied initially and on reconsideration.  (Tr. 118-21, 123-24).  A hearing was held on February 7, 2011, before an Administrative Law Judge ("ALJ").  (Tr. 55-82).  Following the hearing, the ALJ determined that Ms. Helms was not disabled within the meaning of the Social Security Act during the relevant time frame.  (Tr. 96-114).  However, the

---

[1] On December 23, 2015, a Rule 12/56 letter was sent to Ms. Helms advising her of her right to file a response to the Commissioner's motion within seventeen (17) days from the date of the letter.  (ECF No. 24).  No response was received.

*Tashea Britt Helms v. Commissioner, Social Security Administration*
Civil No. SAG-14-3687
January 19, 2016
Page 2

Appeals Council determined that the hearing recording did not capture the testimony of the vocational expert ("VE"), and remanded the case for additional VE testimony. (Tr. 116-17). The ALJ held a second hearing on September 12, 2012, at which Ms. Helms failed to appear, but a VE provided additional testimony. (Tr. 46-54). The ALJ again issued an order denying benefits. (Tr. 18-40). This time, the Appeals Council denied Ms. Helms's request for review, (Tr. 1-4), so the ALJ's 2013 decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Helms suffered from the severe impairments of lower extremity disorder, status post left ankle fracture, and depressive disorder. (Tr. 24). Despite these impairments, the ALJ determined that Ms. Helms retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b). The claimant can also perform sedentary work. The claimant cannot climb ladders, ropes, or scaffolds, be exposed to hazardous heights or hazardous moving machinery, or be exposed to extreme temperature changes as a precautionary measure. The claimant retains the ability to occasionally climb stairs and ramps, balance, stoop, and crouch, but does not retain the ability to perform work involving kneeling or crawling. The claimant must avoid exposure to more than occasional vibration or occasional humidity or wetness. The claimant must have no frequent exposure to dust, fumes, chemicals, or poor ventilation. The claimant is precluded from work requiring the use of push/pull controls with the legs and must not lift or carry above shoulder height. The claimant experiences occasional pain and occasional fatigue that cause occasional limitations as to the ability to perform activities within a schedule, maintain regular attendance for reliability purposes, and being punctual within customary tolerances and as to completing a normal workday and workweek without an unreasonable length and number of rest periods. The claimant cannot tolerate prolonged walking or standing but can stand or walk for four hours in an eight hour day or sit for six hours in an eight hour day. The claimant requires the option to alternate between sitting and standing such that not more than one half hour is required to either sit or stand at any one time. The claimant must avoid direct immediate contact with the general public but is not precluded from all public contact. The claimant has occasional interruptions as to accepting instructions, responding appropriately to supervisors, or getting along with coworkers or peers.

(Tr. 26) (footnotes omitted). After considering the testimony of a VE, the ALJ determined that Ms. Helms was not disabled. (Tr. 34-36).

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary

*Tashea Britt Helms v. Commissioner, Social Security Administration*
Civil No. SAG-14-3687
January 19, 2016
Page 3

record whether substantial evidence supports the ALJ's findings). For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ proceeded in accordance with applicable law at all five steps of the sequential evaluation. The ALJ ruled in Ms. Helms's favor at step one and determined that she did not engage in substantial gainful activity during the period between her alleged onset date and her date last insured. (Tr. 24); *see* 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ considered the severity of each of the impairments that Ms. Helms claimed prevented her from working. *See* 20 C.F.R. § 404.1520(a)(4)(ii). As noted above, the ALJ concluded that several of Ms. Helms's alleged impairments were severe, and thus proceeded to the other steps. (Tr. 24).

At step three, the ALJ determined that Ms. Helms's impairments did not meet the specific requirements of, or medically equal the criteria of, any listings. (Tr. 24-26). The ALJ considered the specific requirements of Listing 1.02, which pertains to major dysfunction of a joint, and Listing 12.04, which governs depressive disorder. *Id.* The ALJ provided adequate explanation of his evaluation of the listings, by citing to the record evidence and comparing that evidence to the specific listing criteria. *Id.* I have carefully reviewed the record, and I agree that no listings are met.

In considering Ms. Helms's RFC, the ALJ summarized her subjective complaints from her testimony and her written function reports. (Tr. 27-28). However, the ALJ determined that Ms. Helms's subjective complaints were not entirely credible. *Id.* In support of that assessment, the ALJ cited to Ms. Helms's generally independent activities of daily living, which include child care and transportation, household chores, shopping, and dancing. *Id.* The ALJ noted that Ms. Helms had sought and received unemployment compensation during the time frame at issue, thus representing that she was able and willing to work, and that records in May, 2010 indicate that she was actively seeking employment despite her assertions of disabling impairments. (Tr. 29). The ALJ further noted that Ms. Helms had declined surgical intervention to relieve her pain, and had not consistently complied with her medication regimen. (Tr. 29). Finally, the ALJ further reviewed and cited medical evidence, much of which reflected improvement with compliance with the prescribed medications. (Tr. 30-32). The ALJ thus provided a thorough credibility analysis, explaining his reasons for discounting each of Ms. Helms's complaints.

The ALJ also considered all of the opinion evidence in the record, providing substantial evidence in support of the weight he accorded each opinion. The ALJ assigned "great weight" to the opinion of Ms. Helms's treating physician, Dr. Thomas, that her disability for her ankle injury would be a temporary condition. (Tr. 33). The ALJ also assigned "significant weight" to the opinions of the non-examining State agency consultants, who concurred with the notion that the condition would be temporary. (Tr. 33-34). The ALJ disagreed with the opinion rendered by another treating doctor, Dr. Siekanowicz, in which he suggested that Ms. Helms "remained disabled." (Tr. 33). The ALJ noted that not only was the determination of disability reserved to the Commissioner, but the opinion is contradicted by Ms. Helms's activities of daily living and examination notes. *Id.*

*Tashea Britt Helms v. Commissioner, Social Security Administration*
Civil No. SAG-14-3687
January 19, 2016
Page 4

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Ms. Helms's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, I find the ALJ's RFC determination was supported by substantial evidence.

I have also reviewed the RFC assessment under the dictates of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). In *Mascio*, the Fourth Circuit determined that remand was appropriate for three distinct reasons, one of which is relevant to the analysis of this case. Specifically, the Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE – and the corresponding RFC assessment – did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Id.* at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted).

This case is distinguishable from *Mascio* because the ALJ imposed a limitation to address the moderate limitation found. The ALJ specified that the moderate difficulties arose because Ms. Helms's "pain was so severe that she could not concentrate or remember things." (Tr. 25). The ALJ specifically acknowledged, in the RFC assessment, that Ms. Helms's pain would cause occasional limitations in her ability to maintain attendance and complete a normal workday. (Tr. 26). However, the ALJ was clear in his questioning of the VE that by "occasional," he still found that Ms. Helms could persist more than 80% of the time. (Tr. 50). Because the ALJ explained the reason for his finding of a moderate limitation and imposed a corresponding restriction in the RFC assessment, there is no *Mascio* violation.

Next, at step four, the ALJ determined that, pursuant to her RFC assessment, Ms. Helms was unable to perform her past relevant work as a fast food worker, customer service representative, and medical assistant. (Tr. 34). Accordingly, the ALJ proceeded to step five, where he considered the impact of Ms. Helms's age and level of education on her ability to adjust to new work. (Tr. 34-36). After considering and summarizing the testimony of the VE, the ALJ found that both light and sedentary jobs existed in significant numbers in the national economy that a person with Ms. Helms's RFC could perform. (Tr. 35). I find that the ALJ's determination was supported by substantial evidence.

For the reasons set forth herein, Defendant's Motion for Summary Judgment (ECF No. 23) is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

  Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

              Sincerely yours,

                /s/

              Stephanie A. Gallagher
              United States Magistrate Judge